Staples, J.,
delivered the opinion of the court.'
The court is of opinion that no error was committed by the circuit court in permitting the appellee, Lyles, to file his petition and make himself a party to the cause. Although the bill of Jamieson was merely to enforce the vendor’s lien, and although it did not profess to be *928 filed on behalf of the other creditors of Simmons,. still it was competent for the creditors, of any of them,. make themselves parties to the suit, and claim the fi,alance 0f the fund remaining after the satisfaction of the vendor’s lien for the purchase money. Such a course of proceeding is proper and beneficial whenever the object of the suit is a sale of the decedent’s real estate for the payment of his debts. All the parties interested in the property, or asserting liens thereon, being before the. court, a multiplicity of suits is prevented, conflicting claims to priority adjusted, all difficulties in respect to the title cleared away, and the property placed in a position to command the most advantageous price. "Without undertaking now to decide, whether in any case a decree can be made against the real estate of a deceased debtor unless an account is asked on behalf of all the creditors, it is sufficient to say, that such an account was ordered with the consent of the vendor, the only person who could have been heard to object. He has been paid the amount due him, and is no longer interested in the subject matter of controversy. So soon as a decree for a general account is entered it is to be deemed for the benefit of all the creditors who may come in and prove their demands.
It is not necessary that a creditor should formally be made a party plaintiff- or defendant. It is not necessary he should even file a petition. After a decree for a general account, even at the suit of a single creditor, all the other creditors may come in under the decree and prove their debts before the master to whom the cause is referred, and obtain satisfaction of their demands; and under such circumstances they are all treated as parties to the suit.
It was therefore competent for Lyles to come in by *929 petition, or to prove his debt before the commissioner, and Jamieson, the vendor, being no longer interested, the suit may be carried on in behalf of Lyles and other creditors of Simmons.
The court is further of opinion that the circuit court was premature in directing a sale of the house and lot in question by its decree of 18th November 1871. That decree contained a provision that one of the commissioners of the court should take an account of the indebtedness of the estate of William Simmons, stating the several debts in the order of their priority. This account ought to have been taken before the execution of the decree for the sale of the property. This court has repeatedly held that it is premature to decree a sale of the realty before adjudicating the claims of creditors and their respective priorities, in order to ascertain the precise amount chargeable upon such realty. Cralle v. Meem et als., 8 Gratt. 496; Buchanan v. Clarke, 10 Gratt. 164. There is nothing in the present case justifying a violation of this rule.
It is impossible to say whether there are other debts against the estate, or to what extent they constitute liens upon the realty. And although it is very probable there is no personal assets applicable to the payment of such debts, it cannot be positively affirmed that such is the fact. At all events, as the case is to go back to the circuit court upon other grounds, there can be no impropriety in directing also an account of the personal property if required by either of the parties.
The court is further of opinion, that dower is to be assigned of one-third of the real estate, whereof the husband was at any time seized during the coverture; that such assignment must be in kind by metes and bounds if required by the widow.
*930 When an assignment in kind is impracticable, from the nature of the husband’s interest, or from the and quality of the property itself, it will of course be dispensed with, and some other ■ mode adopted. But the court is not authorized to substitute a commutation or a compensation in money, merely because dower in kind may prove to be injurious to the interests of heirs or creditors. The right of the widow is a legal one, and is pai’amount to any and every claim or lien created by the husband after .the marriage. In White v. White ais., 16 Gratt. 264, this court laid down the rule on this subject in the strongest possible manner. It was there held, that unless it was made to appear that it was impossible to assign dower in the real estate, it was not competent for a court of equity, in the exercise of its general jurisdiction, to decree a sale of the whole property, and to provide a compensation in money in lieu of dower against the consent of the widow, however much it might be to the interest of the heirs to have a sale of the whole, and a moneyed compensation to the widow.”
It is very true that the appellant made no resistance to a sale of the property; but it is to he remembered such resistance would, in the then attitude of the ease, have been unavailing, as at the time of her answer filed the suit was merely to enforce the vendor’s lien for unpaid purchase money. The petition of Lyles was filed at a subsequent period, asking for a sale of the property to satisfy his judgment. The lien of the vendor has been discharged, and he is no longer interested in the prosecution of the suit. The controversy is now between the judgment creditor and the appellant. She has never consented to a sale in his favor. She has never agreed, so far as the record discloses, to *931 accept a moneyed compensation. There is nothing to show that an assignment of dower in kind is impracticable. ¥e have no information on the subject, except that the property consists of a dwelling house and lot in the town of Danville. There may be outhouses for aught that we know, in which the dower may be assigned. The lot itself may be susceptible of a division ; or as is not unfrequently done, where there is. a single edifice, the dower may be assigned of so many rooms. 1 Roper on Husband & Wife; 1 Scribner on Dower 343.
This court is unable to say which of these modes, or whether either of them should be adopted. The ease •must be remanded to the circuit court for an inquiry upon these points. If an assignment in kind is found to be impracticable, the court may decree a sale of the whole property, and a moneyed compensation to the •appellant in lieu of dower; or, it may adopt such other mode of adjustment as will produce the greatest equality with the least inconvenience. 1 Tucker’s Com. 66; 1 Wash. on Real Prop., page 236.
This disposes of all the material questions between the appellant and Lyles, the judgment creditor. It remains only to consider the application of Jamieson, the vendor, who is also an appellee, to correct the decree of the 29th March 1871. His objection is, that the amount due him was reduced by an improper application of the scale of depreciation. The court is of opinion, he cannot be heard to make that objection here in the present aspect of the ease. So far from complaining of the decree in question, he accepted the amount directed to b^ paid him. This payment and acceptance were reported to the court by the commissioner, and the sale of the property abandoned so far as he, Jamieson, was concerned. By the decree of *932 November 1871, the property was ordered to be sold for the benefit of Lyles, the judgment creditor. It is that decree the appeal was taken by the widow to court; and is now the subject of inquiry. In this latter decree Jamieson has no concern. He was no party to it, and he does not complain of it. The ease comes directly within the operation of the rule laid down by this court in Walker’s ex’or v. Page, 21 Gratt. 636, 652; in which it was held, that where the parties stand upon distinct and unconnected grounds; where their rights are separate and not equally affected by the same decree; then the appeal of one will not bring up for adjudication the rights or claims of the other.” See also Burton v. Brown’s ex’or, 22 Gratt. 1, 14.
The court is therefore of opinion, that the appellee, Jamieson, having failed to take any appeal in this ease, but, on the contrary, having acquiesced in the decree adjudicating his rights, by accepting the amount awarded him thereunder, cannot, as such appellee, be heard to complain of the errors, if any, in that decree to his prejudice.
For the reasons stated, the decree of the circuit court pronounced on the 18th day of November 1871, must be reversed, and the cause remanded to the circuit court for further proceedings in conformity with the views herein expressed.
The decree was as follows :
The court is of opinion that the circuit court erred in decreeing a sale of the house and lot in the proceedings mentioned, without first taking an account of the-indebtedness of the estate of William T. Simmons, as directed by the decree of the 18th November 1871; *933 and said circuit court also erred in decreeing said sale, before it was ascertained whether dower in kind could be conveniently assigned to the appellant, the widow of said Simmons.
It is therefore ordered and decreed, that so much of the decree aforesaid of the 18th November 1871, and of the decree of the 81st of March 1871, as is in conflict with the foregoing, be reversed and annulled, and as to the residue thereof be, and the same is hereby affirmed, and that the appellee, E. W. Lyles, do pay, •&c.
It is further ordered and decreed, that the cause be remanded to the said circuit court with directions to make the inquiry and take the account aforesaid; and also an account of the personal estate of which the said Simmons died possessed, if desired by either of the parties.
If upon such inquiry it shall be ascertained that an- assignment of dower in kind is practicable, then such assignment is accordingly to be made if required by the appellant. If, on the other hand, it shall appear that an assignment in kind is impracticable, the entire property shall be sold on such terms as to the circuit court may seem proper, and a moneyed compensation awarded the appellant in lieu of dower.
Decree reversed.