**Richmond.**

EFFINGER v. KENNEY, TRUSTEE.

November 20, 1884.

1. JUDICIAL SALES—*Account of Liens—Vendor's Lien.*—It is a settled rule that in suits to sell real estate to satisfy liens by judgments or deeds of trust, it is premature and erroneous to decree sale before account is taken of the liens and of their priorities. *Horton* v. *Bond,* 28 Gratt. 815. *Quære:* Does this rule apply where the object of the suit is to enforce a *vendor's lien?*

2. RES JUDICATA—Where objection for want of account of liens was not raised in court below when decree of sale was entered, and on appeal that decree has been affirmed, such affirmance is a final determination between the parties of all questions which were, or might have been raised on that appeal. *Campbell* v. *Campbell,* 22 Gratt. 649; *Blackwell* v. *Bragg,* 78 Va. 529.

3. JUDICIAL SALES.—For the principles governing applications to set aside such sales, see *Langyher* v. *Patterson & Bash,* 77 Va. 470—cases there cited.

Appeal (argued at Staunton but decided at Richmond) from certain decrees of circuit court of Rockingham county, rendered 29th October, 1881, and 3d March, 1882, in a chancery cause, wherein James Kenney, trustee, for Allen C. Bryan, was complainant, and J. P. Effinger was defendant. This is a sequel to cause of *Effinger* v. *Kenney, Trustee,* 24 Gratt. 116. After the decree of sale made therein in November, 1878, was affirmed by this court in October, 1881, the land, the sale of which had been directed by that decree, was sold, and the sale was reported. Effinger excepted to its confirmation, on the ground that there

had been no previous account of the liens on the land and of the priorities thereof, and that the land sold for inadequate prices. The circuit court overruled the exceptions and confirmed the sale, and from the decree Effinger appealed.

*G. W. Berlin,* for the appellant.

*J. N. Liggett* and *W. B. Compton,* for the appellees.

LEWIS, P., delivered the opinion of the court:

This was a suit to enforce a vendor's lien on certain real estate in the town of Harrisonburg. A decree of sale was entered at the November term, 1878, which, on appeal by the defendant to this court, was affirmed. After the case went back to the circuit court a sale was made, which, by the decree now complained of, was confirmed. No account of liens was ordered or taken in the cause, and the main question is, whether in the absence of such an account the circuit court erred in overruling the defendant's exceptions and in confirming the sale.

It is undoubtedly well established by a long line of decisions of this court, that in a suit to subject real estate to the satisfaction of liens by judgments or deeds of trust, it is premature and erroneous to order a sale before an account is taken ascertaining the liens on the land and the order in which they are payable. *Horton* v. *Bond,* 28 Gratt. 815, and cases cited. But this rule, the appellee insists, does not apply where the object of the suit is the enforcement of a *vendor's* lien. It is unnecessary, however, to decide that question, as, in any event, the objection now urged by the appellant cannot avail. It was not urged in the circuit court when the decree of sale was entered, nor in this court when that decree was brought here for review, nor was it raised until after the case went back to the circuit court, and the sale had been made and reported for confirmation. Moreover, the effect of the former appeal was to bring up for review not

Opinion.

only the decree of sale, but the whole proceedings in the cause prior to that decree. *Burton* v. *Brown,* 22 Gratt. 1. And the decree of this court affirming that decree must be regarded as a final determination between the parties of all questions, which were or might have been raised on that appeal. *Campbell's Ex'ors* v. *Campbell's Ex'or, Id.* 649. In that case it was held, that whether the alleged error appears to have been noticed or not, it cannot be admitted that it was not adverted to if the point was fairly presented upon the record. A contrary doctrine, it was said in *Price* v. *Campbell,* 5 Call, 115, would overthrow the theory of the law, which supposes everything contained in the record to have been decided on, and would violate the wisely established rule that *interest reipublicœ res judicatas non rescindi.* See also *N. Y. Life Ins. Co.* v. *Clemmitt & Wife,* 77 Va. 366; *Frazier* v. *Frazier, Id.* 775; *Blackwell's Adm'r* v. *Bragg, Trustee,* 78 Va. 529; *McCormick's Ex'ors* v. *Wright's Ex'ors, ante,* page 524.

We are satisfied from the evidence that the land was sold for a fair price. No advanced bid was offered; no creditor is complaining, and there is nothing in the record to warrant the belief that if the land were again offered for sale it would command a larger price. For the principles which govern courts of chancery in applications to set aside judicial sales, see *Effinger* v. *Ralston,* 21 Gratt. 430; *Brock* v. *Rice,* 27 *Id.* 812; *Roudabush* v. *Miller,* 32 *Id.* 454; *Berlin* v. *Melhorn,* 75 Va. 639; *Langyher, Trustee,* v. *Patterson & Bash,* 77 *Id.* 470. The decree is affirmed.

DECREE AFFIRMED.