## Staunton.

### HOWISON v. WEEDEN.

September 20th, 1883.

1. RES JUDICATA—*Parties and privies.*—The judgment, however erroneous, of a court of record having jurisdiction of the cause and of the parties, is binding and conclusive upon parties and privies in every other court, until it is regularly reversed by some court having jurisdiction for that purpose, and can be questioned in no collateral way.

2. IDEM—*Case at bar.*—N. was elected judge of P. W. county for six years, commencing 1st January, 1874. He died 10th March, 1878. W. was elected 13th March, 1878, to fill the judgeship made vacant by N.'s death. H. was elected 21st January, 1880, to that judgeship for six years, commencing 1st January, 1880. W. and H. each essayed to exercise the functions of the office. Former arrested W. G. H. for contempt; latter arrested E. E. M. for contempt. Both applied to this court for writs of *habeas corpus.* The real controversy was between W. and H. for the judgeship. This court decided that W. was elected, and was entitled to hold that judgeship for the full term of six years from the 10th March, 1878. See *ex parte Meredith* and *ex parte Harrison,* 33 Gratt. 119. Before the expiration of that term, H. filed his petition to this court for a *mandamus* to compel W. to surrender to him the said judgeship.

HELD:

> If not actual parties to the controversy decided by this court in *ex parte Meredith* and *ex parte Harrison,* *supra,* W. and H. were privies thereto, and however erroneous, that decision not having been reversed, is binding and conclusive on them, and cannot be collaterally assailed. The *mandamus* must be denied.

On petition of Charles G. Howison for a writ of *mandamus* to compel John C. Weeden to surrender to him the office of judge of the county court of Prince William county. The facts are fully stated in the opinion.

*Attorney-General F. S. Blair,* for the petitioner.

No counsel for the respondent.

RICHARDSON, J., delivered the opinion of the court.

This is a question as to whether the petitioner, Charles G. Howison, or the respondent, John C. Weeden, is rightfully entitled to the county judgeship of the county of Prince William. The facts are briefly these: In December, 1873, Aylett Nicol was elected by the general assembly of Virginia, as provided by the constitution, judge of the county court of said county, and was duly commissioned as such by the governor of Virginia for the term of six years, commencing on the 1st day of January, 1874, and duly qualified and entered upon the discharge of the duties of his said office, and continued therein until his death, which occurred on the 10th day of March, 1878; by reason of which death a vacancy occurred in said judicial office during the regular constitutional term for which said Nicol had been elected.

On the 13th day of March, 1878, John C. Weeden, the respondent, was elected by the general assembly judge of said county court, to fill the vacancy occasioned by the death of Judge Nicol, and was commissioned accordingly by the governor of Virginia. At the time said Weeden was elected to supply said vacancy, there remained of the regular term, to which his predecessor, Judge Nicol, had been elected, less than three years; in other words, the term of six years, for which Judge Nicol had been elected, expired with the last day of December, 1880. The general assembly, doubtless under the view that Judge Weeden had only been elected for the unexpired term of his predecessor, and not for a full term of six years, on the 21st day of January, 1880, elected the petitioner, Charles G. Howison, judge of said county, to succeed said Weeden, and for the regular term of six years, commencing on the 1st day of January, 1880; and said

Howison was duly commissioned, qualified, and actually entered, or attempted to enter, upon and proceed with the discharge of the duties of his said office, but under circumstances material to the consideration of the claim now asserted by him, and hereinafter again to be referred to.

It appears that the petitioner was again elected to said office by the general assembly of Virginia on the 7th day of March, 1882, and was again commissioned, and qualified. The record does not distinctly disclose the circumstances under which this second election was had, nor is it material in our view of this case that such circumstances should appear.

The petitioner on the face of his petition says: "That while this court did, in *ex parte* Meredith, 33 Gratt. 119, pass on his *first* election and commission, yet his second election has never been passed upon, and that he was, moreover, no party to the case referred to." And the petitioner further avers, that notwithstanding the term of office for which said Weeden was elected expired according to law with the 31st day of December, 1879, yet after that time, and continuously until the filing of his petition, the respondent has intruded into and now occupies the said office of judge of said county court of Prince William contrary to law and to the prejudice of petitioner's rights, notwithstanding petitioner's formal demand that the same be surrendered to him. And the petitioner's prayer is for a writ of *mandamus* to compel the surrender of said office and emoluments to him as the rightful judge of said Prince William county.

The respondent makes answer and says that he was on the 13th day of March, 1878, duly elected by the legislature of Virginia judge of the county court of Prince William county ; that he was duly commissioned as such, and that on the 26th day of March, 1878, he qualified according to law, and has held the office of judge of said court ever since, as may be seen by the records of this court on file in the clerk's office thereof in the city of Richmond.

And the respondent for answer further says, that the petitioner, Charles G. Howison, has once before contested the title to the office of judge of the county court of Prince William county with respondent, and that this court has already decided that the said Howison was not entitled to the said office, but that the respondent, the said Weeden, was, and still is entitled to the said office; that he was elected for, and entitled to hold the said office for the full constitutional term of six years, which term has not yet expired; that the question was determined by this court in the case of *ex parte Meredith, supra,* and that the matter has been once decided between the petitioner and himself by this court, it is now *res judicata,* and cannot be enquired into. To this answer the petitioner demurred, and the question thus raised must be now determined by this court.

If the matter contained in the answer be sufficient, if, in other words, the same subject matter has been once fully passed upon, and the sentence of this court pronounced between the same parties or their privies, then it is *res judicata,* and as such, final and conclusive, however erroneous and unjust that sentence may have been, and however much this court may now deprecate the evils that flow from that former sentence.

Has there been a judgment, final and certain, touching the matter of contention here, the title and right to the office in question? The statement of the case, as gathered from the petition and answer, clearly shows that the contention on the part of the petitioner is for so much only of the six years for which the respondent claims to have been elected as is embraced between the period of petitioner's election and qualification, which was in January, 1880, and the time when said six years will expire, which will be, according to the contention of respondent, in March, 1884; all of which period is subsequent to the 31st day of December, 1879, when, according to petitioner's claim, the term for which respondent was elected, expired. This being so, the subject matter, the title to the office in question for that period, was clearly within the submission in the

case of *ex parte* Meredith, and, if the parties contestant here
were the parties whose claims were in that case submitted and
judicially passed upon by final sentence, or though the parties
here be not the same, yet if they were mutually privies to the
submission in that case, and in that way sought and obtained
the judgment of this court, in which their rights respectively
were adjudicated and determined, then they are as much bound,
as completely estopped as if they had been the actual parties
whose names appeared as such in the record of that case.   7th
Rob. Prac. 6, and authorities there cited.

It is conceded by the petitioner that this court did, in *ex parte*
Meredith, pass in judgment upon his first election and commis-
sion, but not, as he claims, upon or as to his second election.
This can only mean, when the whole case is looked to, that the
court in that case did determine what rights, if any, he had to
exercise the functions of judge of the said court from and after
his said election and qualification, and during the period afore-
said, embraced within the period for which the respondent
claims and is now holding.

It is altogether immaterial whether or not this or any other
court of competent jurisdiction has passed upon any real or sup-
posed right which may have accrued by reason of said second
election; for if the former adjudication embraced, as unquestion-
ably it did, the period as to which both parties assert claim
here, then the question, subject to the conditions already stated,
is *res judicata*, and the vested rights, ascertained and determined
thereby, cannot be questioned or disturbed in any way by a new
or other suit, before this or any other tribunal.   In this case, in
substance and for all practical purposes, it must be regarded as
conceded that the subject matter and the parties are the same as
in *ex parte* Meredith before repeatedly referred to.   The report
of that case abundantly shows this.   The contention there was,
which of these parties was judge of said county court of Prince
William.   To settle that question without an unseemly squabble,
by an amicable arrangement, each of these parties, Weeden and

Howison, went through the form of holding said court at the March term, 1880, and Judge Weeden, the then and now incumbent of the term in dispute, made an order, committing William G. Howison, the deputy sheriff, for refusing to obey an order made by him, and Judge Howison made a like order, committing Elisha E. Meredith, the attorney for the commonwealth, for his refusal to proceed with the prosecution of a prisoner held for trial, and Howison and Meredith thereupon applied to this court for writs of *habeas corpus*. The two cases thus arising were heard together at the April term, 1880, of this court, at Richmond.

In delivering the opinion of the majority of the court, Staples, J., said: "This is an application for writs of *habeas corpus* in two cases. The petitioners are, however, merely nominal parties. The real controversy, which is of an amicable nature, is between Hon. John C. Weeden on the one hand, and Hon. C. G. Howison on the other, each claiming to be the judge of the county court of Prince William. The former was elected in the month of March, 1878, to fill a vacancy occasioned by the death of Judge Nicol; the latter was elected at the last session of the legislature. The sole question to be decided is whether Judge Weeden was elected and is entitled to hold for the full constitutional period of six years, or for the remainder of Judge Nicol's unexpired term." No additional circumstance could be necessary to show conclusively that the whole question here involved was agreed and submitted; that it was heard as an entirety, the rights of the identical parties here ascertained, and, finally, definitely determined by a court of unquestioned jurisdiction, of final resort and in a form of proceeding aptly adapted to the purpose, in the then exigency of the case, by which judgment this court declared that for the period of time, embracing that now in controversy, the said petitioner was not, but that the said respondent was the judge of said county court of Prince William.

It is true that this court in the subsequent case of *Burks* v.

*Hinton, ante* page 1, reversed the principle laid down in *ex parte Meredith*, but that action by this court can give no sanction to the claim of the petitioner in this case. In this case, the parties being the same, and the contest respecting the same subject matter, the judgment is conclusive and final. However much the decision in the former case may be deplored as ill-advised, unwise and unjust, it must, as between the same parties, be held inviolate. To do otherwise, would be to unsettle cardinal doctrines in our system of jurisprudence, founded in wisdom, and sanctioned by long experience.

On this subject an able and accomplished author says: " An essential principle also is, that the action of the court is conclusive, even if it could be shown to be erroneous, unless in a direct action to reverse the judgment by appeal, or by some other legal method as to the parties and the issues. On this matter the New Hampshire supreme court remarks: 'It is a well established principle, that the judgment of a court of record, having jurisdiction of the cause and of the parties, is binding and conclusive upon parties and privies in every other court until it is regularly reversed by some court having jurisdiction for that purpose. Notwithstanding the proceedings may be erroneous, yet, as between the parties, the judgment must stand until regularly vacated or reversed. Where a court has jurisdiction, it has a right to decide every question which arises in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. In no collateral way can the parties question the correctness of a judgment which has been rendered between them in a court having jurisdiction of them and of the subject matter.'" *Wells on Res Adjudicata*, page 4, section 6. The case under consideration is clearly within the rule above cited. It might be rested upon the familiar doctrine of estoppel, but it would be unwise to wrest the case from its legitimate field, and seem thereby to disregard in application the manifest distinction between that and the here appropriate principle of *res judicata,* relied on by

the respondent, and constituting, in the opinion of this court, a complete bar to the claim of the petitioner. For these reasons, while we here reaffirm the doctrine laid down in *Burks* v. *Hinton, supra,* which reverses not the judgment, but the principles laid down in *ex parte* Meredith, we are yet, upon both principle and authority, constrained to refuse the prayer of the petitioner. Therefore the demurrer to the answer must be overruled, the rule *nisi* dismissed, and the peremptory writ of *mandamus* asked for, refused.

LEWIS, P., concurred in the results.

MANDAMUS DENIED.