# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

STUART & PALMER v. PRESTON & ALS.

JUNE 18TH, 1885.

| 80 | 625 |
| 89 | 789 |
| 80 | 625 |
| 90 | 713 |

APPELLATE COURT—*First appeal—Second appeal.*—It is the well settled rule of this court, that a question which has been decided upon the first appeal in any cause, cannot be reviewed or reversed upon any subsequent appeal in the same cause. *Ins. Co* v. *Clemmitt*, 77 Va. 366.

Appeal from decree of circuit court of Washington county, rendered June 17th, 1884, in the suit in chancery wherein Wm. A. Stuart and Geo. W. Palmer are plaintiffs, and Thomas L. Preston and others are defendants.

Opinion states the case.

*Jno. A. Campbell*, for the appellants.

*D. S. Pierce* and *White & Buchanan*, for the appellees.

HINTON, J., delivered the opinion of the court.

This is, in effect, an effort to have a matter which has been formally adjudged, in a previous decree of the court of appeals, reversed, upon a second decree in the same cause. The case arises upon an exception to an item. $1706.83, which the commissioner, in strict pursuance of the express mandate of the appellate court, in its decree of July 30, 1881, has debited against the appellants, in stating the accounts between the par-

ties. Even if it were clear, and it is not, that this item of $1706.83 was mistakenly directed in the former appeal to this court, to be charged against the appellants, yet they can have no relief in this proceeding, for it is a settled rule of this court, that a question which has been decided upon the first appeal in any cause, cannot be reviewed or reversed upon any subsequent appeal in the same cause. See *The Bank of Virginia* v. *Craig,* 6 Leigh, 399; *Griffin* v. *Cunningham,* 20 Gratt. 31; *Campbell's ex'ors* v. *Campbell's ex'ors,* 22 Gratt. 671; *N. Y. Life Insurance Co.* v. *Clemmitt,* 77 Va. 366. The rule is founded upon the absolute and obvious necessity for the termination of controversies as well as upon the finality of the decisions of the appellate court. Now, a more palpable instance of an effort to infract this rule could scarcely be conceived than the one presented by the record in this case, because unless error can be predicated of the action of a lower court and its commissioner in doing precisely what it was required by the court of appeals to do, the circuit court has committed no error. Therefore, and for all practical purposes, the present appeal must be regarded as an attempt to reverse the former decree of this court upon a subsequent appeal in the same case. The inadmissibility of this attempt is made more glaring, if we contemplate for a moment the method suggested by the appellants for a correction of the supposed error, which is that this court should further violate its rule by making the $1706.83 a credit upon a note for $17,434, the whole of which, by the express terms of the same decree of this court, is directed to be debited against the appellants also.

It is needless to pursue the subject further; the appellants having omitted to petition for a rehearing at the proper time, cannot now have this supposed error corrected by appeal. It follows that the decree of the circuit court of Washington county, which is complained of, is right and must be affirmed.

DECREE AFFIRMED.