𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

CARTER v. HOUGH, GRAY & CO. ET ALS.

December 15th, 1892.

RES JUDICATA—*Second appeal.*—Matters once determined on appeal in this court cannot be reopened; and this is true whether those matters were actually adjudicated or not. If they could have been adjudicated in that suit, they are equally settled.

Appeal from decree of circuit court of Loudoun county, rendered October 25th, 1890, in the suit wherein Hough, Gray & Co. and others were complainants and the appellant, B. G. Carter, was defendant. Opinion states the case.

*C. H. & R. H. Lee*, for appellant.

*J. W. Foster* and *J. H. Alexander*, for appellees.

LACY, J., delivered the opinion of the court.

The case is a sequel of the case of *Carter* v. *Hough, Gray & Co.*, heretofore decided in this court, and reported in 86 Va. 668. The suit was by lien creditors of the appellant, Benjamin G. Carter, to subject his real estate to their liens by judgments and deeds of trust. Among these were judgments confessed by Benjamin in favor of his mother, Elizabeth O. Carter, for large amounts, and these were assigned by the said Elizabeth to a certain trustee—*first*, to pay the expenses of the trust; *secondly*, to pay certain designated debts; *thirdly*, to pay certain other named debts; *fourthly*, to pay any other debt of Benjamin for which Elizabeth was surety;

*fifthly,* to hold the residue as Benjamin might appoint by writing under seal, and, in default of, or until, such appointment, to pay the income therefrom to Benjamin, the grantor reserving the right to revoke the same. In that suit Kate E. Carter, the appellant in this case, filed her petition, setting forth that Benjamin had borrowed $3,000 of her, and secured the same upon his already much-incumbered real estate; alleging that it had been represented to her by the counsel of Benjamin that the liens, all told, on his lands, amounted to only $2,400, and that the said Benjamin afterwards contracted the large judgments of E. O. Carter, though said Elizabeth's were prior liens to hers. The court rendered certain decrees in the said suit, from which the said Benjamin appealed, which will be found fully set forth in the said case on the said former appeal, and all of which were affirmed; and it is not deemed necessary to review that case here again. It appears thereby that it is set forth that under the deed in trust of July 24th, 1878, Benjamin Carter had approved the claim of Kate E. Carter, and had procured his aged and infirm mother to revoke the said trust deed, as she had reserved the right to do therein, and then assign the same to him, to use as he saw fit, in disregard of the said trusts. In this he was restrained by the court, and the action of the circuit court was approved by this court. This case was decided here in March, 1890, but in September, 1890, when the case went back to the circuit court of Loudoun, the said Kate E. Carter filed an amended petition, seeking to correct alleged errors in the proceedings before had; and, as to these, such inconsiderable clerical errors as appeared were conceded by counsel, and can be corrected by the circuit court. The circuit court in the first-named decree, of October, 1890, being of opinion that all the matters presented in the said amended petition, and sought to be heard, in the first, second, third, and fourth clauses of the said petition, had been settled by former decree,

and had been approved by the Court of Appeals, and that the sixth clause set forth a judgment obtained by her on her claim, and should be charged against the judgment belonging to the estate of Elizabeth, was of opinion that it should be presented and proved in a suit pending in that court for the settlement and administration of the estate of Elizabeth, and dismissed the petition as to these; and in this there was no error. Matters once determined in this court cannot be reopened; and this is true whether actually adjudicated or not. If they could have been adjudicated in that suit, they are equally settled.

And as to the sixth clause the court was right. The suit for the settlement of Elizabeth O. Carter's estate is obviously the proper place to prove a debt against her estate. But in the fifth clause it was set forth that Benjamin had filed a new bond, for $12,000, against his mother's estate, which ante-dated the transactions aforesaid, and should be offset against the judgment of E. O. Carter's estate against Benjamin. The court at that time reserved the question as to this, and referred it to a commissioner for inquiry. The commissioner took testimony, and reported that there was such a bond filed against the estate of E. O. Carter, but that it was a voluntary obligation, without consideration, and that the record showed that the bond was dated July 24, 1878, ante-dating the trust by Elizabeth of October 1, 1878, which is fully considered in *Carter* v. *Hough, Gray & Co.*, 86 Va. 668, and identical in date and in amount with one of the judgments confessed by Benjamin to Elizabeth, and conveyed in said deed; and that in August, 1880, Elizabeth conveyed to Benjamin real estate mentioned in the case of *Carter* v. *Hough, Gray & Co.*, *supra*, of the assessed value of $51,727.87, and that Benjamin, in 1884, was not assessed for taxation on any bond. This report was excepted to, but the court overruled the exceptions, and dismissed the said petition of Kate E. Carter as to the fifth

clause, with costs, it having already been dismissed on all other clauses.

From this decree the appeal is here, but we perceive no error in the same. It appears to be right on all points. Matters once settled here finally cannot be reopened. And as to the $12,000 against Elizabeth, it was plainly voluntary, if, indeed, it was ever consciously executed by Mrs. Carter at all. The record and the evidence clearly show that it was not in the power of the impecunious obligee to have paid any other consideration for it than the $12,000 confessed judgment in favor of the obligor, which has been restored to him, or assigned for his benefit, and, if it had a real basis, it had been paid many times over by the conveyance of real estate above mentioned ; but it is clear from the record that this bond never had any real, *bona fide* existence.

We are of opinion to affirm the decree complained of and appealed from here.

FAUNTLEROY, J., *dissented.*

DECREE AFFIRMED.