### Richmond.

ROSENBAUM'S EX'ORS *v.* SEDDON.

April 20, 1897.

1. APPEALS—*Second appeal—Law of the case.*—Questions necessarily involved in the decision of an appeal or writ of error are finally determined by such decision, and are not thereafter open to debate in the trial court, nor generally subject to re-examination in this court on a second appeal, or writ of error, in the same case. The decision on the first appeal, or writ of error, becomes the law of the case.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered April 30, 1895, in an action of *assumpsit* wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Affirmed.*

The opinion states the case.

*H. G. Cannon* and *Staples & Munford,* for the plaintiffs in error.

*Leake & Carter* and *Christian & Christian,* for the defend-ant in error.

RIELY, J., delivered the opinion of the court.

This is the sequel of the case of *Seddon* v. *Rosenbaum,* re-ported in 85 Va. 928.

Upon the first trial of the case the plaintiff moved the court to give to the jury the following instruction:

"If the jury believe from the evidence that on or about the 11th day of March, 1886, the plaintiff and defendant entered into an agreement by which the defendant agreed to buy 250

shares of the Richmond and Danville Railroad stock and sell the same to the plaintiff at $96 per share, the plaintiff to take the same at the end of three years from the day of the agreement, but with the right to take it at any time prior to the expiration of the three years; and if they further believe that early in the month of July, 1886, the plaintiff or his duly authorized agent demanded delivery of the stock from the defendant, and tendered him pay for the same, and that the defendant refused to deliver the said stock, then the jury must find for the plaintiff an amount equal to the difference between the contract price and the market value of the stock at the time of the refusal to deliver the same.''

The court refused to give it, and in lieu thereof gave a different instruction. There was a verdict and judgment for the defendant. The plaintiff obtained a writ of error from this court, and assigned as error the refusal of the trial court to give the instruction asked for by him, which is quoted above.

Two objections to the instruction were urged by the defendant in error: First, that the agreement set out in the instruction was one not to be performed within a year, and, not being in writing and signed by the defendant, it was void; and, second, that it was without consideration and void for want of mutuality.

In the brief filed by his counsel in support of the objections made to the instruction there was discussed at length not only the question of the application of the Statute of Frauds, but also the want of consideration and mutuality in the contract, and many of the authorities which were relied on at the hearing of the present writ of error were cited in support of that contention.

The second objection was made in the following clear and unmistakable language, to be found in the brief referred to:

''The instruction asked for by the plaintiff, and refused by the court, proceeds upon the ground that there was a valid

contract between the parties, arising upon mutual promises, and that each party was bound thereby.

"The instruction given by the court proceeds upon the ground that there was no valid contract between the parties; that there was a want of mutuality; and that the defendant's promise to sell, and the plaintiff's promise to buy the stock, were alike void under the Statute of Frauds.

"The plaintiff, in his petition for appeal, treats the instruction of the court as turning altogether upon the Statute of Frauds. This is a mistake. The instruction also emphasizes distinctly the want of mutuality in the contract."

This court, in its decision, considered both objections, and sustained the correctness of the instruction, and thereby the validity of the contract as therein set forth. Much the greater part of the opinion, it is true, is devoted to the discussion of the Statute of Frauds, but, after holding that it was not necessary to the validity of the contract that it should be in writing, the court, speaking through Judge Lacy, who delivered the opinion, said: "But it is further argued that there is an option granted to one side which is not granted to the other, and that there is a want of mutuality. If this is so, then as to all cases where one side grants an option to the other, which is not unusual, the contract is not binding."

And in conclusion the court further said: "We think the Circuit Court clearly erred in rejecting the plaintiff's instruction as asked, and the judgment will, for that cause, be reversed, and the case remanded to the Circuit Court, with directions to set aside the verdict and grant a new trial to the plaintiff, at which new trial, if the evidence shall be the same, and the same instruction be asked by the plaintiff, it must be given, and the instruction given by the court at the first trial is erroneous, and must not be again given."

It thus plainly appears that the objection of the want of mutuality in the contract, which is the same objection that was so ably presented upon the hearing of the present appeal,

was directly made upon the former appeal, and was considered and decided adversely to such contention. The court could not have sustained the correctness of the instruction asked for by the plaintiff on the former trial without deciding against the claim of the invalidity of the contract for want of mutuality, as well as holding it not to be within the Statute of Frauds. By approving the instruction and ordering it to be given to the jury on the new trial, if the evidence should be the same as on the former trial, the court necessarily determined the validity of the contract set forth in the instruction, and the right of the plaintiff to recover upon it. The decision was final and conclusive as to the validity of that particular contract upon any subsequent appeal.

In is conceded in the petition for the writ of error that upon the new trial, had in pursuance of the reversal by this court of the judgment of the Circuit Court, much of the testimony was substantially the same as that adduced on the former trial. The record shows that it clearly proved the agreement, which this court, on the former appeal, had adjudicated to be a legal and binding contract. No different or other contract was shown than that described in the said instruction. The instruction was again asked for by the plaintiff on the new trial, and given by the court. It could not have done otherwise without disobeying the mandate of this court.

The plaintiffs in error, who were the defendants in the lower court, complain that it erred in refusing to give the four instructions asked for by them. Each of their instructions propounds, in substance, the same proposition, and was intended to pronounce against the validity of the contract upon the ground of a want of mutuality, which was the same question passed upon on the hearing of the former appeal. They, in effect, directly controverted the decision then made, and were in conflict with the instruction given for the plaintiff by the trial court in obedience to the mandate of this court. They were, therefore, properly refused.

When the decision of this court on the former appeal was made and certified to the court below, the validity of the contract, as set out in the instruction pronounced to be right and proper, was no longer open to question by the trial court, or to re-examination even by this court upon a subsequent appeal, at least upon the grounds on which it had been assailed. That decision became to that extent the law of this case, and was final and irreversible.    This is well settled by numerous decisions of this court, and of other courts of the highest authority.  *Holleran* v. *Meisel*, 91 Va. 148; *Norfolk &c. R. Co.* v. *Mills & Fairfax*, Id. 625; *Chahoon's Case*, 21 *Gratt.* 822; *Campbell's Ex'ors* v. *Campbell's Ex'ors*, 22 Gratt. 649; *Bank of Old Dominion* v. *McVeigh*, 29 Gratt. 554; *New York Life Ins. Co.* v. *Clemmitt and wife*, 77 Va. 366; *Effinger* v. *Kinney*, 79 Va. 553; *Findlay* v. *Trigg's Adm'r et als.*, 83 Va. 539; *W. O. & W. R. R. Co.* v. *Cazenove et als.*, Id. 744; and *Turner's Adm'r* v. *Staples*, 86 Va. 300.

Our conclusion is that the questions sought to be raised here now are concluded by the decision on the former appeal, and are not open to a new contention.    The judgment of the court below must be affirmed.

*Affirmed.*