# Richmond

GEORGE S. KEMP V. JOHN M. MILLER, JR.

March 16, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Chinn, JJ.

The opinion states the case.

*Smith & Gordon* and *Horace M. Fox,* for the appellant.

*Page & Leary* and *Tazewell Taylor,* for the appellee.

HUDGINS, J., delivered the opinion of the court.

This is a sequel to the case of *Miller* v. *Kemp,* decided September 17, 1931, and reported in 157 Va. 178, 160 S. E. 203, 206, reference to which is here made for full statement of the facts.

The case was remanded on November 16, 1931. Shortly thereafter, Kemp filed a petition and motion, alleging no additional facts but naming nineteen judgment creditors of J. R. Paschall, other than those named in his original answer and cross-bill. The motion and prayer of the petition was that Miller be required to make all lien creditors of Paschall, whose liens were recorded in the clerk's office of the Chancery Court and elsewhere, parties to the suit. The motion was opposed by Miller and denied by the chancellor, who entered a decree requiring Kemp to pay the purchase money into court and accept the deed tendered with the bill. From that decree this appeal was allowed.

The errors assigned are stated thus:

"1. Said judgments against Paschall involve the title of Miller in such defect, doubt and uncertainty, and would expose petitioner to such risks, suits, expenses and loss, that specific performance should not have been required of him; and

"2. That it was the duty of Miller under his contract with petitioner to establish his rights as against said judgments, and having refused to do so by objecting to said petition tendered by petitioner, he has failed to do equity, and cannot enforce the extraordinary remedy of specific performance against petition (er)."

A brief quotation from the opinion in the former case

clearly shows that to sustain either of these assignments of error means review and reversal of the final decree entered by this court on that appeal.

"The lien of the judgments against Paschall are not liens upon the land which Miller agreed to sell to Kemp, because it is so clearly shown by the record chain of title that Paschall never had or became possessed of or entitled to it at any time either before or after the judgments which under Code, section 6470, is essential before the lien can attach. * * *

"So in this case, there is nothing in the covenant by Paschall in the deed to Gresham to give Miller any constructive notice that there was the slightest defect in the title which the land company conveyed to Gresham, and which Gresham, in turn, conveyed to Miller. * * *

"The entire case here for the purchaser, Kemp, is based upon the contention (which is not only unsupported by the evidence but is disproved) that Paschall owned an undivided one-half of the lot which was conveyed to Gresham, but this did not appear from the record, and surely it is unnecessary to transfer by deed under the recording act any equitable right not disclosed by the record. This is, as we have said, the fundamental error in the decree. * * *

"The decree will therefore be reversed and the cause remanded, with directions to enter such decrees as may be necessary to enforce specific performance of the contract of sale between John M. Miller, Jr., and George S. Kemp in accordance with the prayer of the bill."

The judgments referred to in that opinion are the same judgments referred to in the first assignment of error. Because additional judgment creditors are named in the latter does not affect the parties to this proceeding, and in no way changes the decision or its legal effect.

This court, both in its opinion and in its solemn decree, stated in no uncertain terms that Miller was entitled to specific performance of his contract. To sustain the second assignment of error would be, in effect, to hold that because

Miller insisted upon this right in the lower court he was thereby deprived of that right.

We held in the former case: (1) That Paschall never had or became possessed of or entitled to any interest in this land, to which any judgment lien could attach—certainly not after 1909; (2) that the waiver by Paschall and his ‘wife in the deed from the Lewis Ginter Land and Improvement Company to Gresham was not sufficient to give purchasers from Gresham constructive notice of the contents of a contract between the land company and Gresham and Paschall; (3) that the judgments obtained against Paschall were neither liens upon nor clouds on Miller's title to the lots; and that under these circumstances Miller was entitled to specific performance of his contract with Kemp.

When the petition asking for rehearing in this case, filed by Kemp, was refused, the order of this court became final and on the same facts could not be reviewed, reversed or modified by either the learned chancellor in the court below or by this court itself. In other words, the decision of the court became the law of the case.

"The doctrine, briefly stated, is this: Where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and it is not subject to re-examination by either. * * * The reason of the rule is two-fold. First, after the rehearing period has passed, the appellate court has no power to change its judgment and the mandate for retrial removes the case from its jurisdiction. Second, it is necessary to the orderly and efficient administration of justice. It would greatly increase the labor of appellate courts and the costs to litigants if questions once considered and determined could be reopened on any subsequent appeal. The doctrine has been applied in many cases by this court, some of which are here cited. *Howison* v. *Weeden,* 77 Va. 704; *Stuart* v. *Preston,* 80 Va. 625; *Carter* v. *Hough,* 89 Va.

503, 16 S. E. 665; *Lore* v. *Hash*, 89 Va. 277, 15 S. E. 549; *Diamond State Iron Co.* v. *Rarig*, 93 Va. 595, 25 S. E. 894; *Rosenbaum* v. *Seddon*, 94 Va. 575, 27 S. E. 425 [1 Va. L. Reg. 270], and cases cited; *Norfolk & W. R. Co.* v. *Duke*, 107 Va. 764, 60 S. E. 96. See, also, 26 Am. & Engl. Enc. Law, 184 *et seq.*, and cases cited; 3 Words and Phrases (2d ed.) 37. The rule also applies where the question raised on the second appeal was necessarily involved in the first appeal, whether actually adjudicated or not. · *Norfolk & W. R. Co.* v. *Duke, supra,* and cases cited." *Steinman* v. *Clinchfield Coal Corp.*, 121 Va. 611, 93 S. E. 684, 687.

To the original bill, Kemp filed an answer which he asked to be treated in the nature of a cross-bill, in which it was stated that there were judgments docketed against Paschall totaling more than $250,000, which were claimed to be liens upon the land or clouds upon Miller's title thereto. On Kemp's motion, the judgment creditors named were made parties to the cause. After the hearing on the merits, a decree was entered denying specific performance and on Kemp's motion the cross-bill was dismissed, and at the same time Miller gave notice of his intention to appeal. The record, with all these facts, was before the court on a former appeal, with the result above noted.

When the case was remanded Kemp, relying upon the same allegations contained in his cross-bill, moved the trial court to remand the case to rules and resummon the same creditors of Paschall who, at his request, had been dismissed as parties to the cause, and, in addition, certain other judgment creditors of Paschall who had their judgments docketed elsewhere than in the clerk's office of the Chancery Court of the city of Richmond. The additional judgments against Paschall, obtained long after the lots were conveyed to Miller, occupy the same position as those named in his original cross-bill and can have no bearing upon the questions involved.

Whatever may have been our attitude before the order became final, it is certainly too late now to reopen

the case and modify the final judgment of this court. No new facts are cited which require the presence of Paschall's judgment creditors before the court at the present time who were not before it at the time of the entry of the final mandate of this court. They were not here then due to the voluntary action of Kemp himself. Under the circumstances, the duty of the lower court in the premises was defined and restricted by the mandate of this court. It did not require the convening of new parties; there were left open for its determination no disputed questions, these were settled by the decision of this court. The specific mandate was "to enter such *decree* as may be necessary to enforce specific performance of the contract of sale between John M. Miller, Jr., and George S. Kemp in accordance with the prayer of the bill."

The appellant's brief in the present appeal contains the citation of many authorities showing the character of title required for specific performance. In view of the present status of this cause, the discussion and the authorities cited are irrelevant, as the question of and the circumstances under which specific performance will be decreed are not before the court. That question was conclusively determined on the former appeal, and when the case was remanded to the trial court there only remained, in the absence of new facts, the ministerial duty on its part of carrying into effect the principle enunciated on the first appeal.

The reasons why decree for specific performance was not entered in this court are obvious. First, more than eighteen months had elapsed since the final judgment in the lower court and the final judgment in this court, and during that time it was possible for liens or encumbrances to have been recorded against Miller affecting his title to the property. Second, in the absence of any new facts, the method of transfer involving the deposit of the purchase price and its payment to Miller upon delivery of the deed of conveyance,

filed as an exhibit with the original bill of complaint, is essentially one which the lower court is better able to carry into effect than is this court.

■ The real basis upon which "the law of the case" rests is, not that there are no subsequent steps to be taken in the litigation, but that in the subsequent steps all questions previously decided, or which were by implication necessary to have been decided on the former appeal, are final and binding both upon the trial court and the litigants, as well as on the appellate court, in any subsequent appeal. The Virginia cases heretofore cited leave no question as to that conclusion. Tested by this rule, the questions now sought to be raised have already been conclusively foreclosed.

*Affirmed.*

EPES, J., dissenting:

I recognize the force of the view taken by the court in its opinion, and the propriety of and value of the rule commonly referred to as the "law of the case." But as proper and valuable as that rule is, it should be kept the servant of the administration of justice and not permitted to become its master. As said by Justice Holmes in *Messinger* v. *Anderson,* 225 U. S. 436, 32 S. Ct. 739, 740, 56 L. Ed. 1152, 1156, and other cases therein referred to, "In the absence of statute the phrase 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit upon their powers."

In my opinion, to require the appellant to accept a deed to the property in question and pay the purchase money to the purchaser in a proceeding to which the judgment creditors of Paschall are not parties and cannot be bound by the decree, will subject him to a hazard to which he should not

be put by a decree for specific performance, and might work a serious injustice upon him.

This is an exceptional case which requires an exceptional treatment at the hands of a court of equity. It must be remembered that to sustain the prayer for specific performance this court, in effect, had to overrule the case of *Flanary* v. *Kane,* 102 Va. 547, 46 S. E. 312, 681, and has done so in a proceeding which the judgment creditors of Paschall were not parties. Even if it be not necessary, in the strictest sense of the word, that these creditors should have been made parties so that they might be bound by the decree, it is, at least, so highly proper that they should be made parties before specific performance is enforced, that I think this court should, on this appeal, have held that the making of these judgment creditors parties came within the purview of what was meant by this court when it remanded this cause with instructions to the trial court "to enter such decree as may be *necessary* to enforce specific performance." If, however, the court deems such a construction unwarranted, then I think that it should have so modified its former decree as to direct the trial court to require that the judgment creditors of Paschall be made parties to this suit before enforcing specific performance. If the judgment of this court that the judgment creditors of Paschall have no right to subject this property to the payment of their debts is correct, Miller cannot suffer by virtue of having them made parties before specific performance is enforced. If they have any rights against this property it would be a manifest injustice to require Kemp to specifically perform; and as they are not bound by the decree Kemp should not be left to the hazard of what will be held with reference to their rights in a suit which may hereafter be brought by them, or some of them, to test their rights.

I do not agree with the court that it was in any way the fault of Kemp that the judgment creditors of Paschall who

were parties in the court below were not made parties to the former appeal. The court had dismissed the bill both as to them and as to Kemp, and the appellant on the former appeal could, if it desired to have them bound by the decree of this court, have made them parties to the appeal with the same facility that it made Kemp a party to it.