# Wytheville

## GRAYSON M. WHITEHURST, ET ALS. v. ANNICE JACKSON WHITE, ET ALS.

June 11, 1936.

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*Tazewell Taylor* and *Nathaniel T. Green,* for the appellants.

*W. R. Ashburn,* for the appellees.

GREGORY, J., delivered the opinion of the court.

This is the second time that this cause has been before this court. It was here in 1933 under the style *Grayson M. Whitehurst* v. *A. J. White, et al.,* and reported in 160 Va. 859, 169 S. E. 724.

The cause is before us upon the same pleadings as the former appeal.

Upon the oral application of the executors of William L. Whitehurst, deceased, for the direction of the court in the administration of the estate of the decedent, the decree now complained of was pronounced. By this decree the court below has preferred the three children of the testator by his first wife over his eight children by his second wife. This result was reached by the court by reason of its construction placed upon the will of William L. Whitehurst, the testator, and especially upon the second and fifth clauses. That portion of the will which is important in the consideration of this appeal may be found in (*Whitehurst* v. *White*) 160 Va. 859, 862, 169 S. E. 724, 725. It will not be again quoted. The present contest is between the two sets of children. The children of the first marriage are claiming, and the court by its decree has allowed them, priority in the payment of their legacies and the establishment of the trusts for their benefit over legacies and trusts in favor of the children of the second marriage.

Under the decree the executors were directed to first pay to the children of the testator by his first wife the principal of the unpaid balances due them on their legacies provided for in the second clause of their father's will. The decree further provides that interest at 6 per cent from April 9, 1932, be paid them upon said unpaid balances, and also that interest on the $15,000.00 trust fund for each, as provided for in said second clause, be paid them from the same date. These payments were di-

rected to be made before paying the legacies or any interest to the children of the second marriage as provided for in the fifth clause of said will. The practical result of the decree is that the three children by the first marriage will receive their legacies in full and have their trust established regardless of whether or not the estate is sufficient to pay in full the legacies and provide for the trusts in favor of the eight children of the second marriage.

The appellants assign as error the entry of the decree because, as they contend, it is contrary to, and in "the teeth of," the former decision of this court in the case reported in (*Whitehurst* v. *White*) 160 Va. 859, 169 S. E. 724; and that the decree is contrary to the law of this case as laid down by this court in that decision.

The court upon the former appeal speaking through Mr. Justice Holt said: "In this cause we are to determine if certain legacies to a testator's children are charges upon his real estate. The trial court held that they were not."

At the time the will was written Mr. Whitehurst had sufficient personal property out of which all of the legacies could have been satisfied but at the time of his death his personal estate had become depleted to such an extent that it was not sufficient for that purpose. We held upon the former appeal that the legacies were a charge upon the real estate because the testator had blended his properties; that he had combined his real and personal property and that he had dealt with his entire estate as one fund or reservoir out of which the legacies were to be paid. In reaching that conclusion we held that the testator intended that all of his children should be treated alike. This language from the opinion indicates conclusively that this court was of the opinion then that the children were to share equally in the estate:

"The next, and we may fairly say the manifest major, purpose of the testator, was to treat all of his children alike. This is naturally what we should have expected, for equality is equity. He gave to each of them $20,000

absolutely and to each of them a life interest in $15,000. The dates at which they are to take vary with their ages. Since there was personalty sufficient to pay all of them when the will was written, the order of payment was a matter of little or no moment, and so the priority of payment as he saw it was not a matter of priority at all but of sequence. *Harris* v. *Harris* (1912) 2 Ch. (Eng.) 241; *Beeston* v. *Booth* (1819) 4 Madd. Ch. 161, 56 Eng. Reprint 667; *Thwaites* v. *Foreman* (1844) 1 Colly. Ch. Cas. 409, 63 Eng. Reprint 477.

"The fact that the children of the first marriage were to be first paid was not because they were preferred but because they were of age and were prepared to take. All of the children of the second marriage, except one, were under age. Had the bequest to them been made immediately available they still could not have been paid directly. Costs incident to guardianship would have been necessary and so payments to them were deferred, hence the desirability of sequence in payments."

If the question of whether all of the children were to share equally in the estate, or whether the children of the first marriage were to be preferred, was properly before this court upon the former appeal, and a decision of that question was necessary to a correct and proper determination of the case, then beyond doubt, that question has been decided and what the court then said in the quotation above is the law of the case and settles the present appeal in favor of the appellants.

Was it necessary in the former appeal for the court to decide that the testator intended that all of his children should share equally in his estate? We think it was.

In order to determine whether the legacies were a charge upon the real estate, it was necessary to construe the will. A construction of the will was within the scope of the pleadings. Deciding that the testator intended that all of his children should share equally and that their legacies were a charge upon the real estate constituted clearly a construction of the will by this court. If equality

was intended by the testator, then the legacies were a charge upon the real estate; if equality was not intended, then they were not a charge upon the real estate.

The question of whether the testator intended that all of the children should share equally in his estate and the further question of whether the legacies were a charge upon the real estate are so interwoven that they are indivisible and inseparable. In the former case the court found that the legacies were a charge upon the real estate but it was necessary in arriving at this conclusion to determine the intention of the testator with reference to the division of his estate among his children. The court was led to the conclusion that it was the intention of the testator to charge the estate with the payment of the legacies because it had determined from a fair construction of the will, as a whole, that the testator had intended that all of his children should share equally in his estate. In the absence of a finding by the court that such a division was intended the court, no doubt, would have concluded that the legacies were not charges against the real estate. The determination that the real estate had been so charged by the testator followed as a natural sequence from his intention to make an equal division of his estate. The finding of the one necessarily included the finding as to the other. The former decision settled both questions. We having decided then that all of the children should share equally in the estate we cannot decide now that the children of the first marriage should have priority in the distribution of the estate over the children of the second marriage.

The principle underlying what is commonly known as the "law of the case" and which applies here has been clearly stated in the case of *Kemp* v. *Miller,* 160 Va. 280, 168 S. E. 430, 431, where, quoting from *Steinman* v. *Clinchfield Coal Corp.,* 121 Va. 611, 93 S. E. 684, this is said:

" 'The doctrine, briefly stated, is this: Where there have been two appeals in the same case, between the same

parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and it is not subject to re-examination by either, * * * The reason of the rule is twofold. First, after the rehearing period has passed, the appellate court has no power to change its judgment and the mandate for retrial removes the case from its jurisdiction. Second, it is necessary to the orderly and efficient administration of justice. It would greatly increase the labor of appellate courts and the costs to litigants if questions once considered and determined could be reopened on any subsequent appeal. The doctrine has been applied in many cases by this court, some of which are here cited. *Howison* v. *Weeden*, 77 Va. 704; *Stuart* v. *Preston*, 80 Va. 625; *Carter* v. *Hough*, 89 Va. 503, 16 S. E. 665; *Lore* v. *Hash*, 89 Va. 277, 15 S. E. 549; *Diamond State Iron Co.* v. *Rarig & Co.*, 93 Va. 595, 25 S. E. 894; *Rosenbaum's Ex'rs* v. *Seddon*, 94 Va. 575, 27 S. E. 425 (1 Va. L. Reg. 270), and cases cited; *Norfolk & W. R. Co.* v. *Duke*, 107 Va. 746, 60 S. E. 96. See also, 26 Am. & Eng. Enc. Law, 184 et seq., and cases cited; 3 Words and Phrases (2d Ed.) 37. The rule also applies where the question raised on the second appeal was necessarily involved in the first appeal, whether actually adjudicated or not. *Norfolk & W. R. Co.* v. *Duke, supra,* and cases cited.' "

Upon the former appeal we decided that there was no priority among the legacies of the children of William L. Whitehurst created by the second and fifth clauses of his will. That decision definitely settled the law to be applied in this case. The decree here under review is contrary to the law there announced in that it creates a priority in favor of the children of Mr. Whitehurst by his first marriage. We therefore must reverse the decree complained of and remand the cause to the trial court for further proceedings to be had in accordance with the views herein expressed.

*Reversed.*