# 𝔎𝔦𝔠𝔥𝔪𝔬𝔫𝔡

## Thelma Chappell v. Martha C. White.

January 14, 1946.

Record No. 2972.

Present, All the Justices.

The opinion states the case.

*Breeden & Hoffman*, for the plaintiff in error.

*William G. Maupin* and *T. E. Gilman*, for the defendant in error.

HOLT, J., delivered the opinion of the court.

This is an automobile accident case. It has been tried three times. The first trial is reported in *Chappell* v. *White*, 182 Va. 625, 29 S. E. (2d) 858. There was a verdict for $7500. The case was reversed and remanded. At the second trial there was a verdict and judgment for $4,231.18. That judgment was afterwards vacated, and at the third trial there was a verdict for $9,000.

The judgments of the second and third trials are before us on a writ of error. When the verdict in the second case was returned, plaintiff moved that it be set aside as contrary to the law and the evidence and for misdirection to the jury, and also because the court had overruled her motion for a continuance. The defendant moved that it be set aside as contrary to the law and the evidence and asked that a judgment for her be entered *non obstante*. Both of these motions were continued to July 29, 1944, and on that day the court entered this order:

"The court having heard and considered the motion of the defendant to set aside the verdict of the jury in this case and enter up judgment for the defendant, notwithstanding the verdict, doth overrule the same, to which action of the court in overruling said motion, the defendant by counsel excepted.

"Thereupon it is considered by the court that the plaintiff, Martha C. White, recover against the defendant, Thelma Chappell, the sum of $4,231.18 with interest thereon from the 29th day of July, 1944, until paid and costs.

"Thereupon, both the plaintiff and the defendant by counsel, excepted to the action of the court in overruling their motions and pronouncing judgment for the plaintiff * * * ."

On August 7, 1944, plaintiff by counsel moved the court to set aside said judgment on the ground that damages awarded the plaintiff were inadequate and asked that a new trial be ordered confined to the ascertainment of proper damages alone, which motion the court sustained. To this the defendant duly excepted.

A third trial was had on November 1, 1944. A verdict was returned in the sum of $9,000, which was affirmed by the court and to which the defendant duly excepted.

The accident occurred on July 10, 1942, in the daytime on a straightway, level, paved road. The pavement itself was thirty feet wide and marked with white lines for three-lane traffic. On the defendant's left was a wide earthen shoulder which sloped down to a deep ditch. There had been a slight rain but the road was not flooded. There were no marks on the pavement to show that the car had skidded.

All of the occupants of the car involved in the accident were related. On the day of the accident they had attended a family reunion at Franklin, Virginia, this being their fourth annual pilgrimage together. All parties were familiar with the road in question. The car driven by the defendant was a 1942 Pontiac, apparently in excellent condition, and had only been driven two thousand miles. The accident happened while returning home, approximately one mile west of Holland, Virginia, on July 10, 1942, at about six-thirty o'clock in the afternoon, it being broad daylight at the time.

The plaintiff, a woman now sixty-six years of age, was seated in the middle of the rear seat. The witnesses, Mrs. Brown and Mrs. Rowe, were seated on the left and right of the plaintiff, respectively. At the time of the accident, Mrs. Brown had just finished placing her baby in her lap. The defendant was driving the car and on the front seat to her right was seated her daughter, Peggy, and to Peggy's right was seated the defendant's young son, Guilford.

It is the contention of plaintiff that though a guest she had the right to recover of the defendant, her host, because the accident suffered was due to the host's gross negligence.

There have been three trials of this case: The first was had on May 25, 1943. That trial was presided over by Honorable Lawrence W. I'Anson, Judge of the Court of Hustings for the City of Portsmouth, presiding by designation. It resulted in a verdict and judgment for the plaintiff of $7,500 and is reported under the style of *Chappell* v. *White, supra*. There the case was reversed and remanded

for an error in the admission of certain evidence and for an error in the instructions. But the court also held that the question of gross negligence with those errors eliminated was still for a jury.

In it is this statement of facts:

"Defendant was driving a practically new 1942 Chieftain Pontiac. Its mechanism, including brakes and steering gear, was in perfect condition. The driver and passengers stated that the car was operated at a reasonable rate of speed, estimated to be between 35 and 45 miles an hour, on its proper side of the highway. When the passengers on the back seat heard Mrs. Chappell cry 'Oh!' they looked up and saw that the car had crossed to the extreme left side of the highway, traveling at undiminished speed. At the same moment they saw Mrs. Chappell straightening up in the driver's seat as if she had been leaning over to her right, with her right hand in the act of grabbing the top of the steering wheel. Defendant concedes that this was the location of the car when she became conscious of the danger, and that she neither applied her brake nor attempted to turn the car towards the center of the highway, but permitted it to travel 75 to 90 feet diagonally across the left shoulder of the highway before it turned over and came to rest at the bottom of the ditch six or more feet from the hard surface. No skid marks were observed. While the surface of the highway was wet from recent rain, it was not proven to be slippery. As one witness stated, the hard surface was composed of 'black top gravel road, and it is not awful slick.'

"Reasonable men may differ as to whether or not these facts and the inferences therefrom constitute gross negligence. It follows that a jury question is presented."

Two juries have thought that gross negligence has been established. Their findings have been approved by two trial judges, and we have said that it is a jury question. But this is not all.

We have examined the record with care and find that the evidence, in substance, in no wise differs from that as stated in *Chappell* v. *White, supra.* Of course the language

of witnesses varies, but the substance of their statements is not changed. The doctrine of the law of the case applies.

In *Steinman* v. *Clinchfield Coal Corp.*, 121 Va. 611, 93 S. E. 684, this court, speaking through Burks, J. said:

"The doctrine, briefly stated, is this: Where there have been two appeals in the case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either. For the purpose of that case, though only for that case, the decision on the first appeal is the law. It differs from *res judicata* in that the conclusiveness of the first judgment is not dependent upon its finality. The first judgment is generally, if not universally, not final. The reason of the rule is twofold. First, after the rehearing period has passed, the appellate court has no power to change its judgment and the mandate for retrial removes the case from its jurisdiction. Second, it is necessary to the orderly and efficient administration of justice. It would greatly increase the labor of appellate courts and the costs to litigants if questions once considered and determined could be reopened on any subsequent appeal. The doctrine has been applied in many cases by this court, some of which are here cited. *Howison* v. *Weeden*, 77 Va. 704; *Stuart* v. *Preston*, 80 Va. 625; *Carter* v. *Hough*, 89 Va. 503, 16 S. E. 665; *Lore* v. *Hash*, 89 Va. 277, 15 S. E. 549; *Diamond State Iron Co.* v. *Rarig Co.*, 93 Va. 595, 25 S. E. 894; *Rosenbaum* v. *Seddon*, 94 Va. 575, 27 S. E. 425; 1 Va. L. Reg. 270 and cases cited; *Norfolk, etc., R. Co.* v. *Duke*, 107 Va. 764, 60 S. E. 96. See also, 26 Am. & Eng. Enc. Law 184 *et seq.*, and cases cited; 3 Words and Phrases (2d ed.) 37. The rule also applies where the question raised on the second appeal was necessarily involved in the first appeal, whether actually adjudicated or not. *Norfolk, etc., R. Co.* v. *Duke, supra,* and cases cited."

The principle here laid down is everywhere applied. It is not seriously contended that the facts developed at the second trial differ materially from those established at the

first. The defendant's major contention is that the rule of liability to guests by hosts for gross negligence does not here apply; but having already held that it does under the facts developed and that it is a jury question, we could do nothing about it if we would. Moreover, we think that our finding in the first case is fully warranted by the facts. From this it follows that the verdict of $4,231.18 must be sustained unless it be superseded by the verdict of $9,000 last entered.

We have seen that when the second trial was had, the plaintiff moved for a continuance because of the absence of a witness, and that when a verdict was returned she moved that it be set aside for that reason, among others. On August 7, 1944, she asked that the judgment at the second trial be vacated because of inadequacy. That motion was sustained and the third trial was had.

The absent witness was Dr. M. B. Raiford. It was to his hospital in Franklin that Mrs. White, who was injured on July 10, 1942, was immediately taken and remained under his care and treatment until October 8, 1942. Undoubtedly Dr. Raiford was an important witness. Plaintiff's injuries were primarily two broken vertebrae, causing pressure and injury to the spinal cord and partial paralysis of both legs. The injury is permanent, and she cannot now walk except with the aid of crutches.

These facts were brought out at the second trial and appear in the testimony of Dr. Foy Vann and Dr. John W. Abbitt, who had attended the plaintiff after she had been discharged from the Raiford Hospital, and also by the testimony of the plaintiff herself. That these injuries were painful, excessive and permanent were shown at the second trial and were not in dispute. The details of hospital treatment and the character of these injuries and their extent is set out in detail in the evidence of Dr. Raiford, given at the second trial. They were but cumulative.

At the first trial evidence was admitted which made gross negligence fairly plain. The defendant's child then testified that the car got out of control when her mother took her

hand from the wheel and bent over to scrape mud from the child's shoe. This court in reviewing that trial, reported, as we have seen, in 182 Va. 625, was still of opinion that the question of gross negligence was a jury question. With that evidence included there was more room for argument and some of the jurors may have thought that it was a borderline case. Such an argument would probably have resulted in a compromise verdict smaller than the $7500 verdict returned in the first case. Since the third trial was limited to the quantum of recovery, there could have been no difference among jurors as to the right to recover. In substance, they were told to assess damages. Since the result of the second trial was a matter of common knowledge, it was doubtless known to the jury or at least to some of its members. The suggestion that the verdict in the second trial was too small is almost inevitable.

*Rawle* v. *McIlhenny*, 163 Va. 735, 177 S. E. 214, 98 A. L. R. 930, is cited and relied upon by appellant. The law applicable to such cases is there stated by Judge Epes, accompanied by a staggering weight of authorities. He divides cases of this character into five classes. For the plaintiff it is said that the instant case falls within class 4, and if not within class 4, then within class 5.

In class 4 of *Rawle* v. *McIlhenny*, *supra*, it is said that where the amount of damages recoverable is not distinctly separable from the issue of liability, a new trial, if ordered, should be on all issues.

Class 5 is too extended to be copied in full; it is there said:

"5. Cases of conflicting evidence, in which there is sufficient evidence to support a verdict in favor of either the plaintiff or the defndant, but in which there is no clear preponderance of evidence in favor of either.

"In this class of cases there is much diversity of opinion among the courts * * * .

"Where the verdict is for substantial though inadequate damages, it cannot upon any reasonable theory be considered a finding for the defendant, and it should be set aside, and

a new trial granted which ordinarily should be limited to the question of the amount of damages.

"In the fifth class of cases where the merits of the case as to liability appear not to have been reasonably well developed upon the trial, or the question as to the amount of damages is not distinctly separable from the matters involved in the issue as to liability, or the evidence with reference to liability has probably exerted a material influence upon the jury in determining the amount of the verdict, or the evidence warrants the inference that, instead of deciding the question of liability, the jury has arbitrarily determined to make both parties bear a part of the burden of the injury, or for some other reasons the ends of justice would seem to be better promoted by granting a new trial on all issues, where the court sets aside a verdict of this class, it should grant a new trial on all issues."

The instant case falls within the exception last noted.

*Glass* v. *Pender Gro. Co.*, 174 Va. 196, 5 S. E. (2d) 478, is also cited and relied upon. When we come to consider it, the observations of Mr. Justice Hudgins in *Isenhour* v. *McGranighan*, 178 Va. 365, 17 S. E. (2d) 383, are pertinent. He said that the liability of the defendant was not seriously questioned and that the issue of damages was really the only issue before the court.

In the instant case, as we have seen, grossness of negligence was vigorously challenged and that this court had held it to be a jury question.

Where there is no valid objection to the jury or to one or more of its members, and where there is no suggestion of improper influences, we should accept its verdict unless it shocks the conscience of the court.

This rule is nowhere better stated than in *DuPont de Nemours & Co.* v. *Taylor*, 124 Va. 750, 98 S. E. 866, cited with approval in *Aronovitch* v. *Ayres*, 169 Va. 308, 193 S. E. 524, where Judge Burks said:

"There is no measure of damages in cases of this kind, and there has not yet been discovered any standard by which to measure in dollars and cents the value of physical pain and

suffering. It is a matter which must be left to the judgment and discretion of an impartial jury, and no mere difference of opinion of the trial judge, however decided, will justify an interference with their verdict, unless it appears from the record that the jury has been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case."

Damages in any sum are frequently inadequate compensation and are not assessed for that purpose alone. They do sometimes serve to make the careless more careful.

We think the judgment entered on the third trial should be set aside and that entered at the second trial for $4,231.18 reinstated, and it is so ordered.

*Affirmed as to the second trial judgment;*
*Reversed as to the third trial judgment.*