COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Beales and Senior Judge Clements


ERIC ELIEZER NELSON
                                                    MEMORANDUM OPINION*
v.      Record No. 0394-12-4                            PER CURIAM
                                                        JULY 24, 2012
ELIZABETH GROFF SANDERS


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              R. Terrence Ney, Judge

              (Stephen D. Halfhill; Kenneth W. Curtis; Allred, Bacon, Halfhill &
              Young, PC, on briefs), for appellant.

              (David L. Ginsberg; Robert M. Worster, III; Cooper Ginsberg Gray,
              PLLC, on brief), for appellee.


        Eric Eliezer Nelson appeals from an order finding him in contempt for violation of a

property settlement agreement ("PSA"), which he entered into with Elizabeth Groff Sanders.

Nelson argues that the trial court erred in (1) finding him in contempt for failing to designate

Sanders as the beneficiary of his military survivor benefit plan because he designated her as the

beneficiary "at or about the time he retired from the military"; (2) finding him in contempt for

failing to pay Sanders' attorney's fees and costs and her expert witness fees; and (3) ordering

him to provide Sanders with an annuity, in place of the military survivor benefit plan.  Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

        The parties entered into the PSA on July 14, 1987.  Pursuant to the PSA, Nelson was to

designate Sanders as a beneficiary of his military survivor benefit plan.  On October 26, 2011,

        _____

              * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the trial court held that Nelson was in contempt of court for violating the PSA's provision that required him to name Sanders a beneficiary of his military survivor benefit plan. The trial court ordered Nelson to pay (1) $16,366.98 for Sanders' attorney's fees and costs; (2) $1,850 for Sanders' expert's fees; and (3) $48,520 in underpaid military retirement with interest. The trial court also ordered Nelson to provide Sanders with an annuity worth $383,266.70. The matter was continued to review Nelson's compliance with the order. Nelson's sole objection to the order was that he did not have the funds to pay the annuity.

On November 22, 2011, Nelson appealed the October 26, 2011 order ("Nelson I"). On February 3, 2012, the trial court reviewed the matter and entered two orders. The first order set forth that Sanders was awarded a money judgment against Nelson in the amount of $66,736.98. The second order ordered Nelson to place the sum of $449,963.98 into escrow with the clerk of the circuit court. Both orders reflect the October 26, 2011 ruling. Nelson did not appear at the February 3, 2012 hearing.

On February 13, 2012, Nelson filed a motion to reconsider the February 3, 2012 orders. The trial court denied the motion to reconsider. This appeal followed ("Nelson II").

In Nelson I, Nelson asked this Court to consider three assignments of error, which are the same three assignments of error that he is asking the Court to consider in Nelson II. See Nelson v. Nelson, Record No. 2386-11-4 (Va. Ct. App. June 26, 2012). The Court recites in Nelson I the contents of the October 26, 2011 order and the February 3, 2012 orders. Id. The Court affirmed the trial court because Nelson failed to comply with Rules 5A:18 and 5A:8. Id.

In Nelson II, Sanders argues that Nelson II is "nothing more than an end run around the procedural defects found in the first appeal." Sanders contends since Nelson was procedurally barred from appealing the October 26, 2011 order, he should not be given another opportunity

under the auspices of appealing the February 3, 2012 orders.  The February 3, 2012 orders restate

the October 26, 2011 rulings.  We agree with Sanders.

The Nelson II appeal is governed by the "law of the case" doctrine.

> The "law of the case" doctrine is well established in the courts of
> this Commonwealth.  Under this doctrine,
>
>> [when] there have been two appeals in the
>> same case, between the same parties, and the
>> facts are the same, nothing decided on the first
>> appeal can be re-examined on a second appeal.
>> Right or wrong, it is binding on both the trial
>> court and the appellate court, and is not subject
>> to re-examination by either.  For the purpose
>> of that case, though only for that case, the
>> decision on the first appeal is the law.
>
> Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620, 93 S.E. 684,
> 687 (1917); see Uninsured Employer's Fund v. Thrush, 255 Va.
> 14, 18, 496 S.E.2d 57, 59 (1998); Chappell v. White, 184 Va. 810,
> 816, 36 S.E.2d 524, 526-27 (1946); Kemp v. Miller, 160 Va. 280,
> 284, 168 S.E. 430, 431 (1933).

Miller-Jenkins v. Miller-Jenkins, 276 Va. 19, 26, 661 S.E.2d 822, 826 (2008).

In Nelson II, the parties are the same, the facts are the same, and the assignments of error

are the same.  The Court already has ruled on the issues raised in Nelson II.  Therefore, the ruling

in Nelson I is the law of the case.

Sanders asks this Court to award her attorney's fees and costs incurred on appeal.  See

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Having reviewed

and considered the entire record in this case, we hold that Sanders is entitled to a reasonable

amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award

of attorney's fees and costs incurred by her in this appeal.

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs.

<u>Affirmed and remanded.</u>