## CIRCUIT COURT OF THE CITY OF RICHMOND

Edward C. Ellett

v.

Billy Lee Rose

April 22, 1977

Case No. 9752

By JUDGE WILLARD I. WALKER

This matter is before the court on the plaintiff's motion to set aside a jury verdict for the plaintiff in the amount of $750 rendered on February 23, 1977.

The sole issue before the court is whether this jury verdict is, as a matter of law, so inadequate that the court should substitute its judgment for that of the jury and set the verdict aside, awarding a new trial.

The facts of the case are simple. The liability of the defendant was conceded. The matter proceeded before the jury solely on the issue of damages.

The medical evidence is substantially as stated in the memorandum filed by counsel for the defendant. The plaintiff sustained five undisplaced fractures of his ribs, as well as bruises and a small laceration of the left arm. He was not placed in a cast or other forms of immobilization. He remained in the hospital two days because of concern for the possible development of pneumonia, which did not occur. He was released then to his home. He missed approximately six and one-half days from work, which at his hourly rate of $5.52 translated into approximately two hundred eighty-one dollars and fifty-two cents in wages. This loss was not disputed by the defendant; however, Dr. Brooks, his physician, did not testify that he was unable to work during that six and one-half day

period. The work in which he was involved did not of necessity involve heavy lifting or undue exertion. He saw Dr. Brooks on two occasions after he left the hospital, those being June 3 and July 8, 1975. Dr. Brooks testified that the course of the healing of the fractured ribs is such that complete healing occurs within three months. At the end of two months, the healing is almost complete, and at the end of one month, the condition is stable. Dr. Brooks testified that the plaintiff could expect to have some paid and discomfort for several years as a result of the healed fractures similar to pains from arthritis which would occur during cold and damp weather. Dr. Brooks did not testify that the plaintiff's injuries, including the future discomfort, would be permanent. The unchallenged medical expenses proven by the plaintiff were $427.65.

Had this matter been submitted to the court without a jury, the court would have awarded the plaintiff damages somewhat higher than the sum awarded by the jury. While the court disagrees with the verdict of the jury, the verdict is not so small as to shock the conscience, nor is it so manifestly inadequate as to warrant a conclusion from the size of the verdict alone that it resulted from prejudice, partiality or corruption, or from some mistaken view of the merits of the case. The court was singularly unimpressed with the plaintiff's lengthy and overdrawn testimony about his problems from the accident, including nightmares, fears and other related problems, as well as his testimony about the effects upon him of the injury itself, most of which were not borne out, in the court's opinion, by the testimony of the plaintiff's treating physician, Dr. Brooks. While the injury to the plaintiff was more than incidental, it certainly could not in any way be categorized as severe or as particularly disabling.

Counsel for the plaintiff suggests in his brief that the jury may have been operating under a misapprehension as to the law applicable to the case because of a question propounded by the jury to the court during the jury's deliberation. That question was, "We all would like to know if the plaintiff has any money loss or if all his medical bills and loss of wages were reimbursed." The response of the court to that question, which was agreed to by the parties, was "The evidence states the medical bills and lost wages of the plaintiff. The jury

is not to speculate or question whether they have or have not been reimbursed." Both the jury's question and the court's reply were in writing. It is inconceivable to the court that based upon the court's Instruction No. 3 and the court's response to the jury's inquiry, the jury could have improperly taken into account any reimbursement or collateral source to the plaintiff in arriving at their damage figure. Rather, the court is firmly of the opinion that the jury took into account the proven medical bills and wage loss and awarded the plaintiff a verdict based upon those and a sum which they felt to be fair and adequate for the other elements of his damage claim.

The court is particularly aware of the case of *Dinwiddie v. Hamilton*, 201 Va. 348, 111 S.E.2d 275 (1959), and relies heavily thereon. In that case a jury awarded the plaintiff a verdict of $2,500 upon special damages proven of $1,839.66. The plaintiff's injuries in that case were a great deal more severe and substantial, even viewing the evidence in the most favorable light to the jury's verdict than is true in the instance case. Notwithstanding the fact that the trial judge who had observed the witnesses set aside the jury's verdict and awarded a new trial at which time the new jury awarded the plaintiff $8,000, the Supreme Court of Virginia reversed the trial court's earlier decision and reinstated the original verdict. In the light of the *Dinwiddie* case this court does not feel that it can substitute its judgment for that of the jury on the facts presented.

The legal principle involved in this matter has been frequently stated, to wit: "There is no measure of damages in cases of this kind, and there has not yet been discovered any standard by which to measure in dollars and cents the values for paid and suffering. It is a matter that must be left to the judgment and discretion of an impartial jury and no mere difference of opinion of the trial judge, however decided, will justify an interference with their verdict, unless it appears from the record that the jury had been influenced by partiality or prejudice, or has been misled by some mistaken view of the merits of the case." See *Chappell v. White*, 184 Va. 810, 36 S.E.2d 524 (1946).

For the reasons above stated, an order will be entered overruling the motion of the plaintiff to set aside the jury's verdict and entering up judgment upon said verdict.