## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Craig Allen

   v.

Mid-Atlantic Health
Alliance, Inc.,
Timothy A. Powell,
and Donna J. Gamache

June 17, 2003

Case No. CL01-206

By Judge John W. Scott, Jr.

This matter comes before the Court for the purpose of considering both parties' post-trial motions. The Court has considered the motions and the memoranda of counsel and issues the following letter opinion.

### Opinion

Defendant's motion to reduce the jury verdict, in accordance with Virginia Code § 8.01-581.15, is granted. It is ordered that the $6,500,000 verdict be reduced to $1,550,000. *See* Va. Code § 8.01-581.15.

The Virginia Medical Malpractice Act is constitutional. *See DiAntonio v. Northampton-Accomack Mem. Hosp.*, 628 F.2d 287 (4th Cir. 1980) (holding the law constitutional because the law applies equally to all persons within the class and because the classification is reasonable). The different treatment of medical malpractice plaintiffs from other tort plaintiffs is not a denial of equal protection when the special problems posed by soaring insurance costs are considered. *See id.* The medical malpractice cap is a rational means to achieve the legislative goal of securing health care services by maintaining the

availability of malpractice insurance at affordable rates and therefore meets the requirements of the equal protection and due process clauses. *See Boyd v. Bulala*, 647 F. Supp. 781 (W.D. Va. 1986), aff'd in part, rev'd in part, 877 F.2d 1191 (4th Cir. 1989).

The Defendant's motion to set aside the verdict and order a new trial on all issues is denied. It is within the trial judge's discretion to determine whether a new trial should be granted. *See* Va. Code § 8.01-383. Generally, where there is no valid objection to the jury or its members and where there is no suggestion of improper influences, the court should accept the verdict returned by the jury. *See Chappell v. White*, 184 Va. 810, 36 S.E.2d 524 (1946). The parties agree that evidence should be excluded if the probative value of the evidence is outweighed by its prejudicial effect. The dispute here involves the application of the law to the facts. The Defendant argues that relevant and admissible evidence was excluded. The Defendant asserts that the evidence relating to the Plaintiff's wife's use of prescription pain medication and her self-mutilation should have been admitted to show alternative reasons for Plaintiff's suicide attempt and his subsequent treatment. Defendant's motion for a new trial on this ground is denied. The evidence concerning a pregnant woman using prescription medication and self-mutilation is highly prejudicial. Further, the Plaintiff's wife's activities have little probative value in the Plaintiff's medical malpractice lawsuit. The Plaintiff acknowledged many factors leading to his attempted suicide including family and financial difficulties. Plaintiff's testimony, as corroborated by the expert Dr. Cohen, acknowledged that most suicides are multi-factorial. Additionally, even if the Defendant was allowed to admit evidence involving the Plaintiff's wife's activities, it is unlikely that this would have improved the Defendant's case. Plaintiff's counsel indicated that, if the Defendant admitted the evidence relating to Plaintiff's wife, the Plaintiff would relate the wife's drug problems to the medical malpractice. There is evidence in the record that Plaintiff's wife was using the prescription medicine to ease her mind regarding financial problems, which stemmed from the Plaintiff's medical problems and his inability to work. Therefore, the evidence relating to Plaintiff's wife's drug use and self-mutilation was properly excluded.

The Defendant also argues that opinions of several doctors who treated the Plaintiff following an alleged overdosed of pain medication should have been admitted. The Defendant wanted to admit the doctors' opinions that the Plaintiff had apparently overdosed in February 2003 and that the Plaintiff was not forthcoming about the amount of medication he had taken. Again, the prejudicial effect outweighs the probative value. The additional evidence has very little probative value. The Defense argues that the additional evidence

would show that the Plaintiff contradicted himself as he initially said he would never try to commit suicide again, even though there was allegedly a second suicide attempt. However, it is unlikely that this additional evidence would strengthen the Defendant's case. Evidence was allowed regarding Plaintiff's admittance to the hospital and that the Plaintiff had a decreased level of consciousness and pinpoint pupils. This evidence could have created the inference of a drug overdose. The exclusion of the doctors' opinions was not improper considering the lack of probative value.

The Defendant's motion to set aside the verdict and order a new trial on all issues is unsupported by the law. Even if the Defense were to prevail on its arguments, only the damages would be re-litigated. There is nothing to suggest the jury's finding of negligence should be set aside.